UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEDRO NAVARRO,

                Petitioner,

    v.

JEFFREY A. UTTECHT,

                Respondent.

Case No. C18-1479-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action brought under 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's requests for a preliminary injunction to prevent public notification of his sex offender status upon his release from confinement in January 2019. Respondent opposes petitioner's requests. This Court, having reviewed petitioner's requests for preliminary injunctive relief, respondent's responses thereto, and the balance of the record, concludes that petitioner's requests for preliminary injunctive relief should be denied.

DISCUSSION

Petitioner submitted his federal habeas petition to the Court for filing on October 9, 2018. (*See* Dkt. 1.) Petitioner indicates therein that he is seeking to challenge his 2013 convictions in King County Superior Court on eight counts of communicating with a minor for immoral purposes and two counts of extortion with sexual motivation, for which a sentence of 114 months

confinement was imposed. (*See* Dkt. 6 at 1.) Petitioner identifies in his petition eleven grounds for relief from his convictions. (*See id*. at 5-24.) Respondent has not yet filed an answer to petitioner's petition.

Subsequent to the submission of his petition, petitioner filed a motion for preliminary injunction followed shortly thereafter by a nearly identical motion which petitioner identified as a motion to prevent public notification. (*See* Dkts. 8, 13.) Petitioner indicates in those motions that he is scheduled to be released from custody by January 24, 2019, and he asks that local law enforcement be ordered to refrain from disclosing to the public that he is a registered sex offender pending the outcome of this federal habeas action. (*Id*.) Petitioner makes clear that he is not asking to be relieved of the duty to register as a sex offender upon his release, he is merely asking that law enforcement be precluded from disclosing to the public that he is a registered sex offender until the Court renders a decision on his petition. (*See id*.)

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Supreme Court has made clear that the mere possibility of future injury is not sufficient to support the issuance of a preliminary injunction. *See id*. at 22.

Petitioner asserts that he will be irreparably harmed if his request for preliminary injunctive relief is not granted and this Court subsequently rules in his favor on his habeas petition. Petitioner

points out that if this Court grants his petition for federal habeas relief and orders a new trial, and the state then either refuses to retry him or he is acquitted after a new trial, he would not have a duty to register as a sex offender. Petitioner argues that disclosing his sex offender status prior to the outcome of this action would "subject [him] to community obloquy and scorn that will damage him personally and professionally if this court subsequently grants the petition." (*See* Dkt. 8 at 5; Dkt. 13 at 5.)

The relief requested by petitioner in his motions for preliminary injunctive relief is simply not available to him in this federal habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner, by way of the instant motions, is not seeking release from custody, he is instead seeking a directive to local law enforcement to shield him from the negative stigma attached to sex offender registration. Such a directive is not within the scope of relief available on federal habeas review.

Moreover, petitioner's motions make clear that he is seeking injunctive relief against individuals and/or entities who are not parties to this action. A petitioner who is currently in custody under a state court judgment must name as the respondent the state officer having custody of him or her. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Typically, this person is the warden of the facility in which the petitioner is incarcerated. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner has properly named his current custodian as the respondent in this action. However, petitioner does not seek to enjoin the conduct of his custodian, he seeks to enjoin the conduct of the local law enforcement officials who will ultimately determine what information, if any, shall be released to the public regarding petitioner's sex offender status and his offenses. No such individuals or

entities are parties to this action nor, in fact, would any such individuals or entities be proper parties in a federal habeas action.  This Court simply has no authority to issue orders against individuals or entities who are not parties to this action.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

Because petitioner has requested relief in his motions which is not available in a federal habeas action, and because, in any event, the individuals and/or entities whose conduct petitioner seeks to enjoin are not parties to this action, petitioner's requests for preliminary injunctive relief must be denied.

CONCLUSION

Based on the foregoing, this Court recommends that petitioner's motions for preliminary injunctive relief be denied.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 18, 2019**.

DATED this 26th day of December, 2018.

Mary Alice Theiler
United States Magistrate Judge